RUDOLPH LEWITUS, Appellant, *v.* INDEPENDENT FRUIT AUCTION
CORPORATION, Respondent.

Supreme Court, Appellate Term, First Department, December 16, 1926.

Sales — action to recover deficiency in value of carload of grapes — plaintiff purchased 1,040 boxes of grapes at auction and found more than one-third thereof contained sawdust and sweepings — terms of sale limiting seller's liability as to quality and quantity are not applicable where goods failed to meet contract — plaintiff made out prima facie case.

Plaintiff, who purchased at a fruit auction a carload of grapes said to contain 1,040 boxes, only to find more than one-third thereof filled with nothing but sawdust and sweepings, made out a *prima facie* case of his right to recover to the extent of a partial failure of the goods to meet the contract of sale, notwithstanding the fact that the terms of the sale included a number of provisions indicating that the goods were not warranted and that the quantity might be more or less than as stated, for said limitations of the seller's liability cannot be made applicable where the goods failed to meet the terms of the contract. Plaintiff's recovery is not to be predicated upon a breach of warranty but upon a failure of consideration.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, dismissing the complaint at the close of plaintiff's case.

*David Bernstein*, for the appellant.

*Harry Sena*, for the respondent.

PER CURIAM. This action was brought to recover a deficiency in the value of a carload, said to contain 1,040 " lugs " or boxes of grapes, purchased by plaintiff from defendant at a fruit auction.

Plaintiff testified that when he opened the car some 418 of the boxes were filled with nothing but sawdust and sweepings.

Although the terms of the auction sale, with which plaintiff was familiar, included a number of provisions indicating that the goods were not warranted; that the quantity might well be more or less than as stated, and other limitations of the seller's liability, we read them as being no more in substance than a provision that the goods are not warranted to be in perfect condition and that as to quantity they may be " more or less." They do not apply to a case where more than one-third of the goods as sold are wholly foreign and useless matter. As well might they apply to a case where the car should be found to be wholly empty. It is not (if we must employ legal terms) a question of breach of warranty, but a failure of consideration, and we think that plaintiff made out a *prima facie* case of his right to recover to the extent of the partial failure of the goods to meet the contract of sale.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.